UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| HILLCREST CHILDREN'S CENTER<br>　　Plaintiff, | )<br>) Case No.: 11-223-JEB<br>) |
| v. | )<br>)<br>) |
| GIBRALTAR ASSET MANAGEMENT GROUP, LLC,<br>GIBRALTAR ASSET MANAGEMENT GROUP, INC.,<br>GARFIELD TAYLOR,<br>JEFFREY A. KING,<br>MAURICE TAYLOR,<br>RANDOLPH TAYLOR,<br>BENJAMIN DALLEY,<br>STUART H. GARY,<br>　　and<br>GARY & REGENHARDT PLLC,<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>) Hon. James E. Boasberg<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF COMPROMISE AND SETTLEMENT

Subject to the approval of the Court, this Stipulation of Compromise and Settlement (the "Stipulation") is entered into by and between Hillcrest Children's Center ("Hillcrest"), and Benjamin Dalley ("Dalley"), Randolph Taylor ("Taylor"), and Reverb Enterprises, LLC ("Reverb") (collectively, with Dalley and Taylor, the "Defendants"). The foregoing individual and entities are sometimes referred to as a "Party" and collectively as the "Parties." This Stipulation provides as follows:

### Recitals

WHEREAS, Hillcrest filed a Complaint against Dalley and Taylor and others in the United States District Court for the District of Columbia, *Hillcrest v. Gibraltar Asset Management, LLC, et al*, Case No. 1:11-CV-00223 (the "Proceeding");

WHEREAS the Parties have reached a mutually agreed settlement of all issues compromising and fully settling the issues between them arising from the Proceeding and wish to document and memorialize the settlement;

NOW, THEREFORE, in consideration of the promises and conditions set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree and stipulate as follows:

1. <u>Recitals</u>. The Recitals set forth above are hereby incorporated herein as operative statements.

2. <u>Settlement Payment</u>. 

3. <u>Dismissal</u>. Within ten (10) days after Hillcrest receives ▮▮▮▮, Hillcrest shall dismiss the Proceeding with prejudice with respect to Dalley and Taylor.

4. <u>Mutual Release, Discharge and Forgiveness</u>. In exchange for the consideration set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, each Party agrees and stipulates to release and forever discharge and forgive the other Party (including its past, present and future agents, representatives, shareholders, principals, attorneys, insurers, affiliates, parent corporations, subsidiaries, officers, directors, employees, predecessors, successors, heirs and executors) from and against any and all claims, counterclaims, demands, causes of action, controversies, damages, suits, liabilities, defenses or remedies that it has or may have, of any nature whatsoever, whether known or unknown, from the beginning of time up to and including the date of execution of this Stipulation arising out of or relating to the Proceeding, including, but not limited to, any and all claims that could have been asserted in the Proceeding. This release does not apply to any action or proceeding to enforce the terms of this Stipulation. Each Party reserves the right to bring a claim to enforce the terms of

this Stipulation. Should any Party bring a claim to enforce the terms of this Stipulation, the losing Party will pay the prevailing Party's reasonable attorneys' fees related to that action.

5. Compromise. This Stipulation concerns settlement of disputed claims and the consideration given is not an admission of liability and is not to be construed as an admission of liability.

6. Further Assurances. The Parties agree to execute such other documents, and to take such other action, as may be reasonably necessary to further the purposes of this Stipulation.

7. Confidentiality. The Parties agree that the terms, conditions and contents of this Stipulation or the contents of the negotiations and discussions resulting in this Stipulation shall be kept strictly confidential and shall not be disclosed by the Parties or by their attorneys or agents to any person or entity not named as a Party herein. Notwithstanding the foregoing, the Parties may disclose such matters (a) to any of their respective officers, directors, attorneys, consultants, agents or other personnel as reasonably necessary in the ordinary course of its business; or (b) in order to (i) prepare tax returns, (ii) enforce the terms or conditions of this Stipulation and of the settlement reached between the Parties, (iii) respond to inquiries from taxing or other government authorities, hearings, investigations, or other official proceedings, including those conducted by state or federal regulatory authorities or by self-regulatory organizations, or (iv) obtain the advice of legal counsel or financial advisors; or (c) as otherwise required by statute, regulation, or law.

8. Entire Agreement. This Stipulation sets forth the entire agreement and understanding among the Parties as to the subject matter hereof and merges all prior discussions between them. The Parties shall not be bound by any conditions, definitions or representations with respect to the subject matter of this Stipulation other than as expressly provided in this Stipulation.

9. Governing Law. This Stipulation is and shall be deemed to be a contract entered into pursuant to the substantive law of the District of Columbia and shall in all respects be governed by, construed and enforced in accordance with the laws of the District of Columbia, without regard to its choice of law provisions.

10. Attorneys' Fees and Costs. Each Party shall bear its own attorneys' fees and costs incurred through the execution of this Stipulation. Each Party also represents that it has consulted, or has had the opportunity to consult, with legal counsel of its choosing regarding the terms of this Stipulation prior to signing this Stipulation. The Parties acknowledge that this Stipulation was the product of negotiations between the Parties and that this Stipulation was mutually drafted by the Parties.

11. Voluntary Agreement. The Parties hereby agree and affirm that no other promises or agreements of any kind have been made to or with them by any person or entity

whatsoever to cause them to sign this Stipulation, and that they fully understand the meaning and intent of this Stipulation. The Parties further state and represent that they have carefully read this Stipulation, understand the contents herein, freely and voluntarily assent to all of the terms and conditions hereof, and sign their names of their own free act.

12. Counterparts. This Stipulation may be executed in counterparts, each of which shall be considered an original, all of which together shall be considered one and the same instrument. This Stipulation may be executed by facsimile, and such signatures shall be binding and deemed original for the purposes of enforcing this Stipulation.

13. Signatures and Binding Authority. The Parties signify this Stipulation by their signatures below. Each signatory for any legal entity represents and warrants that he or she has full power and authority to bind legally such entity to this Stipulation.

14. No Tax Advice. The Parties acknowledge that any other Party has not, and will not, provide any tax advice in connection with this settlement.

15. Benefit and Burden. This Stipulation shall be binding upon, and inure to the benefit of, the Parties and their successors, predecessors, assigns, agents, representatives, heirs, and executors.

16. Agreed Language. Upon dismissal of the Proceeding and in response to any inquiries related to the Proceeding, the Parties shall state: "The Parties have reached a full and final settlement of all issues that resolves all matters amicably."

17. Enforcement. Each of the Parties acknowledge and agree that irreparable damage would occur if any of the provisions of this Stipulation were not performed in accordance with their specific terms or were otherwise breached and that monetary damages would be an inadequate remedy therefore. Accordingly, each of the Parties will be entitled to seek an injunction or injunctions to prevent breaches of this Stipulation and to enforce specifically its provisions in any foreign court, court of the United States or any state court having jurisdiction, this being in addition to any other remedy to which the Parties may be entitled at law or in equity. Should any Party bring a claim to enforce the terms of this Stipulation, the losing Party will pay the prevailing Party's reasonable attorneys' fees related to that action.

18. Modification. This Stipulation may not be modified except by a writing jointly signed by the Parties to the Agreement.

19. Severance. If any of the provisions or terms of this Stipulation shall be held for any reason to be invalid or unenforceable, such invalidity or unenforceability shall not affect any of the other terms hereof, and this Stipulation shall be construed as if such unenforceable term had never been contained herein.

20. <u>Notices</u>. Any notices that may be provided in connection with this Stipulation shall be provided, in writing, as follows:  If to Hillcrest, notices shall be sent to Joel S. Green, Esq., WILMER CUTLER PICKERING HALE AND DORR LLP, 1875 Pennsylvania Avenue, N.W., Washington D.C. 20006 (joel.green@wilmerhale.com); If to Dalley or Reverb, notices shall be sent to Benjamin Dalley, ███. If to Taylor or Reverb, notices shall be sent to Randolph Taylor, ███.

WHEREFORE, the Parties have affixed their signatures below and respectfully submit this Stipulation to the Court:

**HILLCREST CHILDREN'S CENTER**

By: *[signature]*

Its: President

Date: 12 October 2012

**BENJAMIN DALLEY:**

*[signature]*

Date: 10/11/2012

**RANDOLPH TAYLOR**

*[signature]*

Date: 10/11/12

**REVERB ENTERPRISES, LLC**

By: *[signature]*

Its: Partner

Date: 10/11/12

SO ORDERED _____
Hon. James E. Boasberg
United States District Judge

Date: October ___, 2012