# Exhibit 23

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HILLCREST CHILDREN'S CENTER** | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) |
| | ) |
| **GIBRALTAR ASSET MANAGEMENT GROUP, LLC,** | ) Case No. 11-cv-223-JEB |
| **GIBRALTAR ASSET MANAGEMENT GROUP, INC.,** | ) |
| **GARFIELD TAYLOR,** | ) |
| **JEFFREY A. KING,** | ) |
| **MAURICE TAYLOR,** | ) |
| **RANDOLPH TAYLOR,** | ) |
| **BENJAMIN DALLEY,** | ) |
| **STUART H. GARY,** | ) |
|     and | ) |
| **GARY & REGENHARDT PLLC,** | ) |
|     **Defendants** | ) |

**AFFIDAVIT OF JOEL S. GREEN IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST**
**GIBRALTAR ASSET MANAGEMENT GROUP, LLC,**
<u>**GIBRALTAR ASSET MANAGEMENT GROUP, INC., AND GARFIELD TAYLOR**</u>

    I, Joel S. Green, pursuant to 28 U.S.C. §1746, do hereby declare as follows:

1. I am an attorney of record representing the Plaintiff, Hillcrest Children's Center ("Hillcrest"), in the above-referenced action.

2. I filed an affidavit in support of the Motions for Entry of Default against Defendants Garfield Taylor ("Taylor") (ECF No. 38-2), Gibraltar Asset Management Group, Inc. ("Gibraltar Inc.") (ECF No. 39-2), and Gibraltar Asset Management Group, LLC ("Gibraltar") (ECF No. 40-2).

3. In each of these affidavits, I represented that each defendant had failed to answer or otherwise respond to the Complaint and, to the best of my knowledge, that none of the defendants was an infant or an incompetent person.

4. To date, over 13 months after the Clerk's Entry of Default against each of these defendants (ECF Nos. 43-45), Defendants Gibraltar, Gibraltar Inc., and Taylor have not answered or responded to the Complaint filed in this matter, or otherwise indicated any intent to defend the claims Hillcrest has asserted against them.

5. As a result of Gibraltar, Gibraltar Inc., and Taylor's ongoing failure to answer or otherwise respond in this action, Hillcrest has filed a Motion for Entry of Default Judgment against Gibraltar, Gibraltar Inc., and Taylor (the "Motion").

6. Based on the expert report of Martin Wilczynski (the "Report"), Hillcrest seeks to recover $6,603,536, in addition to pre- and post- judgment interest, from Defendants Gibraltar, Gibraltar Inc., and Taylor in its Motion.

7. Per the request of Hillcrest's counsel, Mr. Wilczynski was asked to determine the amount of loss suffered by Hillcrest due to any inconsistency of trading strategy or otherwise unauthorized transactions executed by Defendants Gibraltar, Gibraltar Inc., and Taylor. Attached as Exhibit 9 to Hillcrest's Motion is a true and accurate copy of the Report.

8. In that Report, Mr. Wilczynski verified that Hillcrest loaned $8,003,536 to Hillcrest Funding LLC to be invested by Gibraltar, Gibraltar Inc., Taylor.[1]  Ex. 9 at 9.  This amount included the $1.2 million Hillcrest instructed Gibraltar, Gibraltar Inc., and Taylor to transfer to Hillcrest Funding LLC.  Ex. 9 at 8 n.8.  For the purposes of the Report, Mr. Wilczynski treated the $1.4 million in interest payments Hillcrest received from Gibraltar and Taylor from April to October 2009 as a return of Hillcrest's principal investment.  Ex. 9 at 8.

---

[1] In July 2008, Hillcrest loaned $1.2 million to Gibraltar Inc. to be invested by Gibraltar Inc. and Taylor. In January 2009, Hillcrest instructed Taylor to transfer the $1.2 million to the account for Hillcrest Funding LLC to be traded by Gibraltar and Taylor. Although the different entity designations of Gibraltar Inc. and Gibraltar (LLC) suggest that these two entities should be treated differently, Hillcrest has not received any information during discovery suggesting that Gibraltar Asset Management Group, Inc. was a separate and distinct entity from Gibraltar Asset Management Group, LLC. In fact, an email from defendant Benjamin Dalley confirms that the two entities are the same. *See* Exhibit 1 for the Mot. for Entry of Default Judgment. Because Gibraltar Inc. and Gibraltar are the same entities, Hillcrest's $8,003,356 was invested with Gibraltar, Gibraltar Inc. and Taylor.

9. By subtracting the amount of principal "repaid" to Hillcrest ($1.4 million) from the amount Hillcrest loaned to Hillcrest Funding LLC to be invested by Gibraltar and Taylor ($8,003,536), Mr. Wilczynski concluded that Hillcrest suffered a loss of $6,603,536 in principal. *Id.*

10. This calculation serves as the basis for Hillcrest's request for a judgment against Gibraltar, Gibraltar Inc., and Taylor for $6,603,536.

I declare under penalty of perjury that to the best of my knowledge and belief, the foregoing is true and correct.

Date:  <u>November 16, 2012</u>     /s/ <u>Joel S. Green</u>
                                    Joel S. Green, Esq.
                                    D.C. Bar No. 493912
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    1875 Pennsylvania Avenue, NW
                                    Washington, D.C. 20006
                                    Telephone:  (202) 663-6936
                                    Facsimile:  (202) 663-6363

                                    *Attorney for Plaintiff, Hillcrest Children's Center*